The Chief Justice
delivered the opinion of the court.
Bruce holding a salt-well and furnace, with the appurtenances thereunto belonging, under a lien from V. Peers, as the agent of Mrs. Carter, for seven years, commencing the 25th of December, 1812, by arrangement with the Halberts, bearing date the 11th of December, 1815, sold the same to them, and agreed that he would, on the 25th of the same month, give them possession thereof, and deliver to them sundry articles of personal property, which it was agreed should be valued by disinterested men, and the same amount in similar property he returned to Bruce at the end of the lease, “on the same principle of a lease granted by David L. Ward to Moses Kibby and Thomas Scott; and the Halberts bound themselves “to pay to said “Bruce, in the same manner and the same amount in pro“portion to the property hereby by them purchased as the “said Kibby and Scott are bound to pay to D. L. Ward, in “the lease above referred to, except as to the terms of payments which are to be made to the said Bruce, at the same “time that the said Bruce is bound to make them to V. “Peers, as mentioned in the lease between them heretofore referred to.”
On this agreement Bruce, in July, 1817, commenced an action of covenant against the Halberts, and in his declaration after setting forth the agreement, and averring a performance on his part, he alledged that according to the terms of the lease from Ward to Kibby and Scott, the Halberts were bound in proportion to the quantity paid by Kibby and Scott to pay to Bruce annually 3500 bushels of salt *60 at the time specified in the lease from Peers to Bruce; and he assigned as a breach of the covenant the failure of the Halberts to make payments accordingly.
An assignee of a lease has the same priviledges that were secured to the assignor, unless restrained by the terms of the assignment; and if a priviledge is secured to the assignor to quit at the end of any year, on giving 3 months notice, the priviledge passes by the assignment but the notice is to be given to the landlord.
The Halberts pleaded covenants performed, with leave to give in evidence any special matter which they could under any legal special plea.
On the trial of the issue joined upon this plea, Bruce obtained a verdict and judgment, from which the Halberts appealed to this court.
A bill of exceptions, taken in the progress of the trial in the circuit court, presents the only points which arise in the cause.
It appears from the bill of exceptions, that the Halberts contended that they had a right to all the priviledges, and had a right to prove they were entitled to all the priviledges both in relation to quitting possession by giving notice and a deduction for the depreciation of water that Bruce was entitled to under the lease from Peers, but the court refused to permit any such evidence, and instructed the jury that the terms of the agreement between Bruce and the Halberts required the latter in the payment of rents in every respect (except as to the time of payment) to conform to the terms of payment mentioned in the lease from Ward to Kibby and Scott, and as to the time of payment to conform to the lease between Peers and Bruce.
With respect to the priviledge claimed by the Halberts of quitting the premises or determining the lease by giving notice, we may remark, that the lease from Peers to Bruce provides that the latter might, at the end of any year, give up the lease, having given three months notice in writing to the lessor; and undoubtedly as the Halberts, by their contract with Bruce, had become the assignees of the lease, they were entitled to the same priviledge as he had of determining the lease, unless restrained from doing so by some covenant with him; and there is no such covenant contained in the contract between him and them. But although a written notice of their intention to give up the lease was produced in evidence by the Halberts, yet as it was given to Bruce and not to the lessor, it was, most indisputably, insufficient to determine the lease, and consequently there can be no error in the refusal of the circuit court to permit any evidence in relation thereto to go to the jury.
The priviledge claimed by the Halberts of such a deduction of rent for the depreciation of water as Bruce was *61 entitled to under the lease from Peers, is in direct opposition to their agreement with Bruce; for by the express terms of that agreement the mode and the amount of the payments which were to be made, were to be regulated by the lease from Ward to Kibby and Scott, and the time of the payments, and was to be regulated by the lease from Peers to Bruce. Proof of their right, therefore, to such a priviledge being in contravention of their written contract was upon the most obvious principles inadmissible, and the circuit court did right in refusing it.
But the priviledges secured by the lease to the assignor may be restrained by the terms of the assignment.
Hardin for appellant, Bibb for appellee.
As to the instruction given by that court to the jury, it comports so strictly with the letter as well as the spirit of the contract between the parties, that it is impossible to imagine even a plausible objection to it.
Other points were discussed by counsel in the argument, but as we do not perceive that they arise out of the record, we deem it unnecessary to notice them.
The judgment must be affirmed with costs and damages.